```
JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
JENA A. MACCABE (Cal. Bar No. 316637)
Assistant United States Attorneys
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6495/5046
     Facsimile: (213) 894-0141
     E-mail:    kevin.butler2@usdoj.gov
                jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT
3/17/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_MMC\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-MJ-01494-DUTY |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER SEALING DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KEVIN J. BUTLER |
| v. | |
| EUGENE HENLEY, JR., et al., | |
| Defendants. | **(UNDER SEAL)** |

The government hereby applies ex parte for an order directing that the complaint, arrest warrants, search warrants, and all attachments thereto, the application for the complaint, arrest warrants, search warrants, and all attachments thereto, as well as this ex parte application, the memorandum of points and authorities, the declaration of Kevin J. Butler, and this Court's sealing order, and all documents subsequently filed under this same case number until such time as any defendant in this case is arrested, at which time the documents will be deemed automatically unsealed, or until the government determines that these materials are subject to its

discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel.

This ex parte application is based on the attached memorandum of points and authorities, declaration of KEVIN J. BUTLER, and the records and files in this case, including the application for the complaint, arrest warrants, search warrants, and attachments thereto.

Dated: March 17, 2025       Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

/s/
KEVIN J. BUTLER
JENA A. MACCABE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

The government requests that this Court seal the complaint, arrest warrants, search warrants, and all attachments thereto, as well as this ex parte application and all supporting documents, to maintain the integrity of its investigation.  Approval from this Court to seal these documents is required under Local Rule 79-5.1.  The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants.  In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam) (holding that even aside from Federal Rule of Criminal Procedure 41 "courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778, 779-80 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of an arrest warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41.  In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996).  In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued.  If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there had been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517.  Accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

1     Here, for the reasons described in the attached declaration,
2 sealing is necessary to maintain the integrity of the government's
3 investigation.  Accordingly, the government requests that the
4 documents described in the attached declaration be kept under seal
5 until such time as any defendant in this case is arrested, at which
6 time the documents will be deemed automatically unsealed, or until
7 the government determines that these materials are subject to its
8 discovery obligations in connection with criminal proceedings, at
9 which time they may be produced to defense counsel.  The government
10 also requests that the Court's order not limit its ability to provide
11 copies of the arrest and search warrants at the time the warrants are
12 executed and otherwise comply with the Federal Rules of Criminal
13 Procedure.

**DECLARATION OF KEVIN J. BUTLER**

I, KEVIN J. BUTLER, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the investigation of this matter, in which the government has submitted an affidavit in support of complaint, arrest warrants, and search warrants.

2. The complaint, arrest warrants, and search warrants in this case have not yet been executed. The likelihood of apprehending defendants would be diminished if the affidavit in support of the complaint, arrest warrants, and search warrants in this case were made publicly available before the warrants were executed.

3. Public disclosure of the complaint, arrest warrants, and search warrants or the information in the application could cause defendants to flee or seriously jeopardize other aspects of the investigation, which is ongoing, and may result in the destruction of or tampering with evidence.

4. Accordingly, the government requests that the complaint, arrest warrants, search warrants, and all attachments thereto, as well as this ex parte application, the memorandum of points and authorities, this declaration, and this Court's sealing order, and all documents subsequently filed under this same case number until such time as any defendant in this case is arrested, at which time the documents will be deemed automatically unsealed, or until the government determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel. The government also requests that the Court's order not limit its ability to provide

1

1 copies of the warrants at the time the warrants are executed, as
2 required by Federal Rule of Criminal Procedure 41(f).
3     5.    I declare under penalty of perjury under the laws of the
4 United States of America that the foregoing is true and correct and
5 that this declaration is executed at Los Angeles, California, on
6 March 17, 2025.

```
                              /s/
                         KEVIN J. BUTLER
```